The Honorable Ronald W. Mason City Councilman, At-Large District 2 City Hall, 3rd Floor 315 J.F. Kennedy Boulevard Tampa, Florida 33602
Dear Councilman Mason:
A majority of the members of the Tampa City Council are considering the adoption of a juvenile curfew ordinance. You, therefore, ask substantially the following question:
In light of recent court decisions, what factors should be considered by the city council in adopting a juvenile curfew ordinance?
In sum:
Recent court decisions require a narrowly drawn juvenile curfew ordinance that furthers a compelling state interest and provides specific exceptions or defenses which adequately advise what conduct is allowed, while providing limitations that minimally restrict a minor's right to be on the street and do not infringe on basic constitutional rights.
In the recent case of Qutb v. Strauss and Bartlett,[1] the Fifth Circuit Court of Appeals upheld the validity of a nocturnal juvenile curfew enacted by the City of Dallas, Texas. The court concluded that the curfew ordinance furthered a compelling state interest in protecting juveniles from crime on the street. Further, the court found that the ordinance was drafted narrowly enough to achieve this compelling state interest in a way that did not infringe upon the First Amendment rights of the juveniles.
The Dallas ordinance makes it a misdemeanor for persons under the age of seventeen to use the city streets or to be present at other public places within the city between certain hours. The ordinance also contains a number of exceptions or defenses. A person under the age of seventeen in a public place during the curfew hours would not violate the ordinance if he or she is accompanied by a parent or guardian, or is on an errand for a parent or guardian.[2] Minors are allowed to travel in a motor vehicle to or from a place of employment or for employmentrelated activities during curfew hours. Affected minors may attend school, religious, or civic organizational functions and generally exercise their First Amendment speech and associational rights without violating the ordinance. The ordinance does not restrict interstate travel and an affected minor may remain on a sidewalk in front of the minor's home or that of a neighbor during curfew hours. Finally, there is no curfew restriction on the movement of affected minors in the case of an emergency.
The appellate court recognized that the imposition of a curfew impinges upon the fundamental right to "move about freely in public." Because the ordinance infringes upon a fundamental right, the court subjected the ordinance to a strict scrutiny review. To survive this strict review, a classification created by an ordinance must promote a compelling governmental interest and must be narrowly tailored to achieve this interest. The compelling interest served by adoption of this curfew ordinance was the interest the state had in increasing juvenile safety and decreasing juvenile crime.
Next, the court examined whether the curfew ordinance was narrowly drawn to achieve that interest, i.e., whether the ordinance uses the least restrictive means to accomplish those goals. The court considered the exemptions or defenses included in the curfew ordinance to be the most important factor in determining whether the ordinance was overbroad. By including the exemptions or defenses to a violation of the ordinance, the appellate court concluded that Dallas had created a narrowly drawn ordinance that allowed the city to meet its goals, while respecting the rights of the affected minors.
Curfew ordinances in Florida specifically have been found to be unconstitutional by the First and Second District Courts of Appeal. However, in each of these cases the ordinances were broader and did not include the exemptions which were specified in the Texas case.
In W.J.W. v. State,[3] the First District Court of Appeal struck down a City of Pensacola ordinance. The court interpreted the purpose of the ordinance to be the control of the activities of children under the age of sixteen during late night hours. However, the court found that to accomplish this purpose, the ordinance prohibited such children from participating in school, recreational and church activities, among others, because in going to or coming from such activities, the children would be upon a street, alley, park or other public place. The ordinance would make many activities unlawful which would otherwise be lawful. Thus, the court determined that the ordinance was unconstitutional, since it restricted personal rights and liberties.
The Second District Court of Appeal, in S.W. v. State,[4] struck down a City of Palmetto ordinance providing for a curfew for children under seventeen years of age, unless "[the minor child] is properly attended by or is in the company of such minor's parent . . . or if such minor child shall have a written permit therefor from the chief of police. . . ."[5] In this case, the court found that the ordinance "prohibits minors from participating in a myriad of legitimate activities" and "bristles with the potential for selective enforcement." The appellate court concluded that the ordinance was both vague and overbroad.[6]
The most recent Florida case addressing juvenile curfews is K.L.J. v. State,[7] in which the First District Court of Appeal found a City of Jacksonville curfew ordinance to be unconstitutionally vague and overbroad. The court recognized that several state and federal courts have upheld curfew ordinances where the ordinance has been narrowly drawn and provides specific exceptions or defenses which adequately inform people of conduct that is allowed, or where the court has determined that limitations on a minor's right to be on the street do not infringe on a basic constitutional right. It was concluded, however, that the Jacksonville ordinance did not provide sufficient guidance to affected persons as to what conduct was prohibited.
You have provided this office a copy of a proposed ordinance imposing a nocturnal curfew for persons under the age of seventeen in Tampa. The terms of the Tampa ordinance clearly follow those outlined by the court in Qutb. The proposed Tampa curfew ordinance contains numerous exemptions or defenses that reflect a narrowly drawn ordinance which satisfy the goals of the city by respecting the fundamental rights of minors. In this respect, the Tampa ordinance avoids those constitutional problems pointed out by the courts in earlier Florida juvenile curfew cases.
While the City of Tampa is to be commended in its efforts to protect minors from crime and to curb juvenile violence, it may wish to consider, in addition to the present exemptions or defenses, an exemption similar to the one contained in the Dallas ordinance which authorized an affected minor "to remain on a sidewalk in front of the minor's home, or the home of a neighbor." Other exemptions or defenses which may be entertained would exclude from coverage by the curfew minors who have been emancipated from their parents or guardians and minors who are accompanied by their spouses over a designated age.
Accordingly, it is my opinion that the City of Tampa may enact a valid city ordinance imposing a juvenile curfew, if the ordinance is crafted to further the compelling state interest of protecting the safety of minors and reducing juvenile crime, while providing exemptions and defenses that adequately inform people of conduct that is allowed and limiting minors' rights without infringing on basic constitutional rights.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Case No. 92-1707, November 19, 1993 (5th Cir. Ct. of Appeal).
[2] The definition of "parent" under the ordinance includes a person who is "a natural parent, adoptive parent, or step-parent of another person" and those persons who are "at least 18 years of age and authorized by a parent or guardian to have care and custody of a minor."
[3] 356 So.2d 48 (Fla. 1st DCA, 1978).
[4] 431 So.2d 339 (Fla. 2d DCA, 1983).
[5] Id. at 340.
[6] 431 So.2d at 341.
[7] 581 So.2d 920 (Fla. 1st DCA, 1991).